Dear Mr. Bode:
This letter is to acknowledge receipt of your request for an opinion from this office which reads as follows:
 "1. Is the Medical Care Plan of the Board of Trustees of the Missouri State Employees' Retirement System a `rule' within the provisions of Section 535.010, RSMo?
 "2. If the Medical Care Plan is not a rule, how may the Board of Trustees rescind the provisions of the Medical Care Plan which are currently published in the Code of State Regulations as rules?
 "3. If the Medical Care Plan is a rule, then advice is requested as to the extent to which items in the Missouri State Medical Care Plan are required to be published?"
Subsections 1 and 2 of Section 104.515, RSMo Supp. 1973, provided in part that the Board of Trustees of the Missouri State Employees' Retirement System should provide or contract for insurance benefits to cover hospital, surgical and medical expenses for employees under Sections 104.310 to 104.550, RSMo. Subsection 3 of Section 104.515, RSMo Supp. 1973, provided in part that the board should establish and implement a program as provided in subsections 1 and 2 and the board should establish rules of eligibility for participation in the program. Subsection 5 of Section 104.515, RSMo Supp. 1973, provided in part that commencing on August 13, 1972, the state would contribute ten dollars per month per employee for hospital, surgical, medical and life insurance benefits. As a result, it is our understanding that the board of trustees adopted "the Missouri State Medical Care Plan," which became effective on or about April 1, 1973. In general, the plan establishes various hospital, surgical and medical expense benefits available to participating employees and their dependents. The foregoing statutory provisions were amended in 1976 to include members of the judicial retirement system and to provide that commencing on September 1, 1976, the state would contribute twelve dollars per month per employee. Senate Bill No. 497, as recently enacted by the Second Regular Session of the 79th General Assembly and signed into law by the Governor, provides in part for the repeal of Section 104.515, RSMo Supp. 1977, relating to insurance benefits for certain employees, officials and judges of this state, and enacts in lieu thereof two new sections relating to the same subject with an effective date. The statutory provisions previously referred to are reenacted without change. However, the new legislation provides in part for additional coverage for certain employees and their dependents, that in addition to the state contribution of twelve dollars per month, the state shall contribute the additional amounts required, as determined by the board, to fully fund hospital, surgical, medical and life insurance benefits for participating employees, with an effective date of January 1, 1979.
In connection with the above, it is further our understanding that the Missouri State Medical Care Plan has been filed with the office of the Secretary of State and that the provisions of the Plan are currently published in the Code of State Regulations as rules. In this regard, subdivision (4) of Section 536.010, RSMo Supp. 1976, defines the term "rule" as follows:
 "(4) `Rule' means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency. The term includes the amendment or repeal of an existing rule, but does not include:
 (a) A statement concerning only the internal management of an agency and which does not substantially affect the legal rights of, or procedures available to, the public or any segment thereof;
 (b) A declaratory ruling issued pursuant to section 536.050, or an interpretation issued by an agency with respect to a specific set of facts and intended to apply only to that specific set of facts;
 (c) An intergovernmental, interagency, or intraagency memorandum, directive, manual or other communication which does not substantially affect the legal rights of, or procedures available to, the public or any segment thereof;
 (d) A determination, decision, or order in a contested case;
(e) An opinion of the attorney general;
 (f) those portions of staff manuals, instructions or other statements issued by an agency which set forth criteria or guidelines to be used by its staff in auditing, in making inspections, in settling commercial disputes or negotiating commercial arrangements, or in the selection or handling of cases, such as operational tactics or allowable tolerances or criteria for the defense, prosecution, or settlement of cases, when the disclosure of such statements would enable law violators to avoid detection, facilitate disregard of requirements imposed by law, or give a clearly improper advantage to persons who are in an adverse position to the state;
 (g) A specification of the prices to be charged for goods or services sold by an agency as distinguished from a license fee, or other fees;
 (h) A statement concerning only the physical servicing, maintenance or care of publicly owned or operated facilities or property;
 (i) A statement relating to the use of a particular publicly owned or operated facility or property, the substance of which is indicated to the public by means of signs or signals;
 (j) A decision by an agency not to exercise a discretionary power;
 (k) A statement concerning only inmates of an institution under the control of the division of corrections or the division of youth services, students enrolled in an educational institution, or clients of a health care facility, when issued by such an agency;
 (l) Statements or requirements establishing the conditions under which persons may participate in exhibitions, fairs or similar activities, managed by the state or an agency of the state;
 (m) Income tax or sales tax forms, returns and instruction booklets prepared by the state department of revenue for distribution to taxpayers for use in preparing tax returns."
Upon due consideration, it is our view that the Medical Care Plan of the Board of Trustees of the Missouri State Employees' Retirement System is an agency statement of general applicability that implements, interprets, or prescribes law or policy. In addition, the Medical Care Plan is funded in part by the state of Missouri. It is further our understanding that retired individuals are participating in the Missouri State Medical Care Plan who are no longer actively employed by the state of Missouri. Under such circumstances it is our view that the implementation of the Medical Care Plan is not alone for the benefit of state employees, but is a matter in which the public has an interest as well. Cf. Department of Air Force v. Rose, 425 U.S. 352,96 S.Ct. 1592,48 L.Ed.2d 11 (1976). There is also authority for the proposition that the "internal management" exception to the definition of the term "rule" should be given a narrow construction. Burkev. Children's Services Division, 552 P.2d 592 (Ore. 1976). Therefore, in response to your first question, it is our opinion that the Medical Care Plan of the Board of Trustees of the Missouri state Employees' Retirement System constitutes a "rule" within the provisions of Section 536.010, RSMo Supp. 1976, and that no response is necessary to your second question.
In regard to your last question, it is our view that items presently in the Missouri State Medical Care Plan are required to be published.
Sincerely,
 JOHN ASHCROFT Attorney General